**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>OPEN RANGE PROPERTY, LLC,<br><br>            Debtor. | Case No. 25-24089-A-7<br><br>CZ-1<br><br>**Memorandum Regarding Motion to Vacate Order Converting Case from Chapter 11 to Chapter 7** |

Argued and submitted on November 3, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Parham Shekarlab for Debtor Open Range Property, LLC; Sharon Z. Weiss Attorney for Creditor U.S. Bank

Chapter 11 debtor must file a list of equity security holders not later than 14 days after the petition is filed. Fed. R. Bankr. P. 1007(a)(3). After three warnings and almost two months, the court converted the case for failure to file that document. Debtor's counsel is "at a loss" to explain how this mistake occurred. The debtor moves for relief under Rule 60(b). Should the court grant the motion?

**I. FACTS**

Open Range Property LLC filed a skeletal Chapter 11 petition. Pet., ECF No. 1. Paul A. Warner was counsel for the debtor in possession. The petition indicates that Abolghassem Alizadeh is the "manager" of the limited liability corporation. The "list of equity security holders" was not filed. On the same day, the Clerk of the Court issued a "Notice of Incomplete Filing." Not. Incomplete Filing, ECF No. 2. In the pertinent part of the list of deficient documents, it provided: "The following document(s) must be received by the bankruptcy clerk's office by 8/18/25...List – Equity Security Holders[,] Master Equity Security Holder Address List..." *Id.* The Notice of Incomplete Filing also warned that the failure to file the documents in a timely manner or otherwise appropriately resolve the delinquency, may result in dismissal. *Id.* The same notice also provided creditors an opportunity to oppose dismissal. The notice offered creditors the opportunity to oppose dismissal. *Id.* at p. 2.

The notice also provided:

> THIS IS THE ONLY NOTICE YOU WILL RECEIVE. Failure to timely file the missing documents, to timely seek an extension of time, or to timely file a Notice of Hearing on the Court's Notice of Intent to Dismiss Case may result in the automatic dismissal of this bankruptcy case without further notice...

2

*Id.*

One week after the case was filed, creditor U.S. Bank availed itself of the right to oppose dismissal, requested a hearing and filed a 10-page brief in opposition to dismissal. Among other things, the bank provided evidence of Abolghassem Alizadeh's conviction of wire fraud, bank fraud and false statements to a federally insured institution, which included almost five years of prison and $15,000,000 in restitution, and other bad acts intended to frustrate creditors.

The Clerk of the Court issued an order convening a Chapter 11 Status Conference. Order, ECF No. 14. The order indicating that the scope of the issues to be considered was broad and included "[a]ny other matters which might materially affect the administration of this chapter 11 case." *Id.* (emphasis added). It warned, "This is notice that the court may, sua sponte, at the status conference, order the case dismissed or converted to chapter 7, or may order the appointment of a chapter 11 trustee." *Id.*

The schedules and statements were filed on the last day to do so. Summary of Assets and Liabilities, Schedules A/B-H and Statement of Financial Affairs. Schedules and Statements, ECF No. 17-22, 24. The list of equity security holders was not filed.

About a month after the petition was filed, Open Range Property, LLC substituted Cyrus Zal, in place of Paul A. Warner, as its attorney of record.

Just short of two months after the petition, the court convened the status conference and the hearing on the Clerk's Notice of Incomplete Filing. The court discussed the incomplete filing, viz., the list of equity security holders, with counsel Cyrus Zal. He

explained that he only recently substituted into the case and asked for a little more time to file the list of equity holders. The civil minutes reflect the following resolution:

> As more fully set forth on the record,
>
> The prior attorney for this case did not file the List of Equity Security Holders and the Master Equity Security Holder Address List as required. Since new counsel has been retained, the Court will drop this matter but requires the lists to be filed by close of business Friday, September 26, 2025. Additionally, the Court requests that a notice of the continued meeting of creditors be filed and served on all equity holders by the same deadline.
>
> The Court will monitor for the filing of these required documents. If Mr. Zal fails to comply by the deadline, the case will be converted without further notice or hearing.

Civ. Minutes, ECF No. 43.

Within the deadline set by the court the debtor-in-possession, re-uploaded the creditors master address list, Fed. R. Bankr. P. 1007(a)(1), but not the list of equity security holders. Fed. R. Bankr. P. 1007(a)(3).

Thereafter, the court converted this case to Chapter 7.

**II. PROCEDURE**

Open Range Property LLC moves for relief under Rule 60(b)(1) (mistake, inadvertence, surprise of excusable neglect). In support of the motion, the debtor offers the declaration of counsel, who admits knowledge of the deadline but who is unable to explain the error.

> I offer no excuse for failing in my duties as the Debtor's attorney to file the two required documents, and I must confess that I am shocked and dismayed at how I could make such a grievous and fundamental mistake that has greatly damaged the interests of my client to such a high degree. I wish I could offer an explanation as to how I came to make such a damaging and inexplicable mistake, but I myself am at a loss as to how I came to commit this mistake.

Zal. decl. 2:110-16, ECF No. 66.

U.S. Bank opposes the motion.

4

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. Jurisdiction arises under 11 U.S.C. §§ 348, 1112(b) and is core. 28 U.S.C. § 157(b)(2)(A), (O).

**IV. LAW**

    **A.    Equity Security List**

The equity security list is due not later than 14 days after the petition.

> Chapter 11--List of Equity Security Holders. Unless the court orders otherwise, a Chapter 11 debtor must, within 14 days after the order for relief is entered, file a list of the debtor's equity security holders by class. The list must show the number and type of interests registered in each holder's name, along with the holder's last known address or place of business.

Fed. R. Bankr. P. 1007(a)(3).

    **B.    Rule 60(b)**

Rule 60 applies to bankruptcy proceedings. Fed. R. Civ. P. 60, incorporated by Fed. R. Bankr. P. 9024. In the pertinent part, it provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for...mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The party seeking relief bears the burden of proof. *In re Peralta*, 317 B.R. 381 (9th Cir. BAP 2004), citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001). The court should consider three factors: "(1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff." *In re Peralta*, 317 B.R. 381, 388 (B.A.P. 9th

5

Cir. 2004), citing *TCI*, 244 F.3d at 695-96; Falk, 739 F.2d at 463.

**V.    DISCUSSION**

The debtor has not sustained its burden of proof. First, culpable conduct exits. *In re Wilson*, 349 B.R.831 (Bankr. D. Idaho 2006) (unjustified failure to check mail deemed culpable conduct). The debtor and counsel received at least three warnings of the need to file the list of equity security holders. Notice Incomplete Filing, ECF No. 2; Hr'g on Notice of Incomplete Filing, September 22, 2205; Civ. Minutes, ECF No. 43. Moreover, the list of equity security holders was 43 days late, when the case was converted. While the motion purportedly addresses the court's oral warnings at the September 22, 2025, hearing and the minutes emanating therefrom, it fails to address the prior warning and the passage of time from the filing of the case until the hearings.

While the motion to vacate the conversion order includes exhibits that purports to cure the deficiency, Ex., ECF No. 68, and which appear to reveal but a single shareholder, i.e., Abolghassem Alizadeh (the manager who signed the petition), the later filing does not erase the culpable conduct from which the default arose.

Second and more importantly, Open Range Property has not sustained its burden of proof as to a meritorious defense. Where a Chapter 11 case is converted to a Chapter 7 case and the debtor seeks relief under Rule 60(b), the debtor must make some showing of a viable plan. *Peralta*, 317 B.R. at 388 (meritorious defense).

It has not done so. The motion is supported by the declaration of its manager and only shareholder, Abolghassem Alizadeh. The entire declaration is less than one page and consists of four paragraphs. In the pertinent part it states:

6

> If this case remains a Chapter 7 bankruptcy, that would result in great harm to the Debtor and to a huge loss of funds available to pay the creditors. *I am currently close to putting together a reorganization plan wherein an investor developer and builder would partner with the Debtor to construct a high value residence* on the Debtor's high value property consisting of bare land in an exclusive area of Granite Bay, where there are already residences valued in the range of $6 Million to $10 Million.

Alizadeh decl. § 3, ECF No. 67 (emphasis added).

Finally, creditors, at least U.S. Bank, will be harmed. The bank informs the court that its loan has been in default since October 2011. Not. Hr'g on Not. Intent to Dismiss 1:15-23, ECF No. 10. Open Range Property LLC, who bears the burden of proof, does not dispute this fact and, aside from a one sentence conclusion, has offered no evidence that creditors would be better served in Chapter 11.

**VI.　CONCLUSION**

For each of these reasons, the motion will be denied. The court will issue an order from chambers.

Dated: November 03, 2025

_____
Fredrick E. Clement
United States Bankruptcy Judge

7

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee** Robert T. Matsui United States Courthouse 501 I Street, Room 7-500 Sacramento, CA  95814 |
| **All Creditors** | |

8